**2025 WI 55**

# Supreme Court of Wisconsin



IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
KEVIN W. DAVIDSON, ATTORNEY AT LAW

OFFICE OF LAWYER REGULATION,

*Complainant,*

*v.*

KEVIN W. DAVIDSON,
*Respondent.*

No. 2025AP1569-D

Decided December 11, 2025

ATTORNEY DISCIPLINARY PROCEEDING

¶1    PER CURIAM.  The Office of Lawyer Regulation (OLR) and Kevin W. Davidson have filed a stipulation that Attorney Davidson be publicly reprimanded for his professional misconduct. Because there is a stipulation, we review the matter pursuant to Supreme Court Rule (SCR) 22.12(1).[1] Upon careful consideration of the record in this matter, we agree that Attorney Davidson's misconduct warrants a public reprimand and we adopt the parties' stipulation. The OLR is not seeking costs in this

---

[1] SCR 22.12(1) provides that the supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the court may approve the stipulation, reject the stipulation, or direct the parties to consider specific modifications to the stipulation.

proceeding, and we agree that Attorney Davidson should not be required to pay costs.

¶2      Attorney Davidson was admitted to practice law in Wisconsin in 2006. He is employed by the Estate Planning Group, LLC, in Kaukauna. He has no previous disciplinary history.

¶3      In September 2024, a client hired Attorney Davidson to convey a property title from the client's LLC to the client's daughter. On September 11, 2024, the client executed two quit claim deeds which Attorney Davidson prepared. Deed 1 transferred the property title from the client's LLC to the client. Deed 2, in turn, transferred the property title from the client to the client's daughter.

¶4      Attorney Davidson personally notarized both deeds. The notary acknowledgement on both deeds contained the language, "Personally came before me on this September 11, 2024, the above-named [client] to me known to be the person who executed the foregoing instrument and acknowledged the same."

¶5      Thereafter, the client received a copy of one quit claim deed which was filed with the Outagamie County Register of Deeds on October 1, 2024. Apparently, after the client executed the two quit claim deeds on September 11, Attorney Davidson modified one of the deeds (presumably Deed 2) to change the name of the "Grantor" from the client to the client's LLC. He also removed from the deed the parcel identification number and the legal description of an additional parcel that was inadvertently included in the conveyance.

¶6      Attorney Davidson did not notify the client prior to filing the altered Deed 2, even though it was not the same document that the client signed and which was notarized on September 11, 2024. Attorney Davidson did not explain to the client that he would file one deed instead of two to avoid the property transfer tax and to complete the conveyance. The client only found out that one, modified deed had been filed when she received a copy of that deed from the Outagamie County Register of Deeds.

¶7      On July 15, 2025, the OLR filed a complaint alleging the following counts of misconduct:

**Count 1**: By filing a quit claim deed that he knew was not the same document signed by his client, Attorney Davidson violated SCR 20:8.4(c).[2]

**Count 2**: By failing to explain to his client that only one deed would be necessary to avoid the property transfer tax instead of two, as the client understood, Attorney Davidson violated SCR 20:1.4(a)(2).[3]

¶8      Attorney Davidson was served with the complaint on July 16, 2025. By letter dated July 17, 2025, the OLR asked the court not to appoint a referee as the parties were circulating a SCR 22.12 stipulation. The stipulation was filed on August 11, 2025.[4]

¶9      The parties' stipulation states that the terms of the stipulation were not bargained for or negotiated between the parties. The stipulation consists of Attorney Davidson's admission of the facts and misconduct alleged by the OLR in its complaint and Attorney Davidson's agreement to the level of discipline that the OLR director is seeking in the matter. Attorney Davidson represented and verified that he fully understood the misconduct allegations; he fully understood the ramifications should the court impose the stipulated level of discipline; he fully understood his right to contest the matter; he fully understood his right to consult with and retain counsel and waived the right to counsel; and he averred that his entry into the stipulation was made knowingly and voluntarily. Additionally, upon request by the client, Attorney Davidson agreed to re-draft the deed and file it with the Outagamie Register of Deeds at no additional cost to the client.

---

[2] SCR 20:8.4(c) provides, "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] SCR 20:1.4(a)(2) provides, "A lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished."

[4] A referee was appointed on August 11, 2025. The referee appointment order was vacated because it was issued in error.

Per Curiam

¶10 Supreme Court Rule 22.12(2) provides that if this court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. Supreme Court Rule 22.12(3) provides that if this court rejects the stipulation, a referee will be appointed and the matter shall proceed as a complaint filed without a stipulation.

¶11 With respect to the appropriate sanction, upon careful consideration of the matter, we agree that a public reprimand is appropriate. We find the cases cited by the OLR, Public Reprimand of Donald J. Kraemer, No. 1991-14 (attorney instructed secretary to sign client's signature on claim and then notarized it), and Public Reprimand of Carlton Roffa, No. 1991-12 (attorney instructed secretary to sign affidavit and then notarized document), to be analogous and persuasive. In both matters, this court determined that a public reprimand was the appropriate measure of discipline.

¶12 In each of the above-cited cases, and like Attorney Davidson, the attorneys had no prior disciplinary matters and violated the Supreme Court Rules by modifying one document after notarization, thereby compromising the legitimacy of any proceedings involving the altered document and undermining the integrity of notaries public. Thus, a public sanction is necessary and appropriate.

¶13 Accordingly, we adopt the parties' stipulated facts, conclusions of law, and recommended discipline. *See* SCR 22.12(2). Given Attorney Davidson's timely acceptance of responsibility as evidenced by his entering into a stipulation without use of a referee, and no OLR request to the contrary, we will not impose any costs in connection with this matter.

¶14 IT IS ORDERED that Kevin W. Davidson is publicly reprimanded for his professional misconduct.

¶15 IT IS FURTHER ORDERED that no costs are imposed.